IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SONJA LYNN PERRAULT,

      Plaintiff,

v.                                                                                   No. CV 18-467 CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Sonja Lynn Perrault's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum* (the "Motion"), (Doc. 17), filed October 8, 2018; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 19), filed December 10, 2018; and Ms. Perrault's *Reply to Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Reply"), (Doc. 22), filed January 15, 2018.

Ms. Perrault filed an application for disability insurance benefits on August 8, 2014, alleging disability beginning May 26, 2014. (Administrative Record "AR" 10). Ms. Perrault claimed she was limited in her ability to work due to: post-traumatic stress disorder ("PTSD"); sleep apnea; depression; anxiety; fibromyalgia; migraines; arthritis; tinnitus; hypothyroidism; hip impingement syndrome; overactive bladder; sinusitis; adjustment disorder; pain and problems with both knees, left shoulder, and left ankle; neuropathy; lumbar strain; hypertension; gastroesophageal reflux disease ("GERD"); and allergic rhinitis. (AR 237-38). Ms. Perrault's application was denied initially on

February 2, 2015, and upon reconsideration on May 21, 2015. (AR 10). A request for a hearing was filed, and a hearing was held on October 13, 2015, before Administrative Law Judge ("ALJ") Myriam C. Fernandez. (AR 28). Ms. Perrault and Pamela A. Bowman, an impartial vocational expert ("VE"), testified at the hearing, and attorney Connie Squires represented Ms. Perrault at the hearing. (AR 28-65).

On November 12, 2015, ALJ Fernandez issued her decision, finding Ms. Perrault not disabled at any time between her alleged disability onset date through the date of the decision. (AR 23). Ms. Perrault requested review by the Appeals Council, (AR 6), which was denied, (AR 2-5). Ms. Perrault then appealed the Commissioner's decision to the United States District Court for the District of New Mexico. *Perrault v. Social Security Administration*, No. CV 16-243 LAM. On February 6, 2017, the Court granted the Commissioner's unopposed motion to remand the case to the Commissioner for further proceedings. *Perrault*, No. CV 16-243 LAM, (Doc. 22).

On remand, the Appeals Council issued an order vacating the Commissioner's prior decision and remanding the case to an ALJ for further proceedings. (AR 1454-57). A second hearing was held on October 26, 2017, before ALJ Ann Farris. Ms. Perrault, VE Nicole B. King, and Ms. Perrault's sister, Heather Freed, appeared and testified at the hearing, and attorney William Scott Rode represented Ms. Perrault at the hearing. (AR 1430-53). On January 18, 2018, ALJ Farris issued a decision finding that Ms. Perrault became disabled on November 15, 2017, because her age category changed, but she was not disabled prior to that date. (AR 1406-23). Pursuant to 20 C.F.R. §

404.984, this decision by ALJ Farris is the final decision of the Commissioner for purposes of this appeal.[1]

Ms. Perrault now raises the following arguments on appeal of ALJ Farris' decision: (1) ALJ Farris failed to properly consider the opinions of her treating physician, Henry Garcia, M.D.; (2) ALJ Farris failed to properly consider the opinions of consultative examiner John Vigil, M.D.; and (3) ALJ Farris failed to include a function-by-function assessment of Ms. Perrault's work-related abilities. (Doc. 17 at 14-26).[2] The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the Administrative Record. (Doc. 11). Because ALJ Farris erred in her consideration of Dr. Garcia's opinions, the Court finds that Ms. Perrault's Motion is well-taken and should be **GRANTED IN PART** and this case **REMANDED** for further proceedings.

**I.    Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the

---

[1] When a case is remanded by a district court for further consideration, the ALJ's decision on remand becomes the final decision of the Commissioner unless the Appeals Council assumes jurisdiction of the case based on the claimant filing written exceptions to the ALJ's decision. 20 C.F.R. § 404.984(b). Those exceptions are due within 30 days of receipt of the ALJ's decision. *Id.* Here, Ms. Perrault did not file written exceptions to ALJ Farris' January 18, 2018 decision, and the time for doing so has passed. Therefore, ALJ Farris' decision is the final decision of the Commissioner for purposes of this appeal.

[2] In her Reply, Ms. Perrault concedes her claim regarding ALJ Farris' consideration of Dr. Vigil's opinions. (Doc. 22 at 7).

plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits and supplemental security income claims, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A), 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) meet or equal one of the "Listings"[3] of presumptively disabling impairments; or (4) she is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

### III. Background

Ms. Perrault applied for disability insurance benefits due to: PTSD; sleep apnea; depression; anxiety; fibromyalgia; migraines; arthritis; tinnitus; hypothyroidism; hip impingement syndrome; overactive bladder; sinusitis; adjustment disorder; pain and problems with both knees, left shoulder, and left ankle; neuropathy; lumbar strain; hypertension; GERD; and allergic rhinitis. (AR 237-38). At step one, ALJ Farris determined that Ms. Perrault had not engaged in substantial gainful activity since May 26, 2014, the alleged onset date. (AR 1409). At step two, ALJ Farris concluded that since the alleged onset date Ms. Perrault has had the following severe impairments: lumbar and cervical degenerative disc disease; osteoarthritis of the left knee and hip; osteoarthritis of the right shoulder; PTSD; obstructive sleep apnea; fibromyalgia; borderline and dependent personality disorder; depression; and anxiety. *Id.* At step three, ALJ Farris determined that none of Ms. Perrault's impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 1410-11).

At step four, ALJ Farris found that Ms. Perrault has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations: she must be able to alternate between sitting and standing approximately hourly; she can occasionally climb stairs, but never ladders or scaffolds; she can occasionally balance and stoop, but never kneel, crouch, or crawl; and she must avoid exposure to hazardous conditions, including unprotected heights and dangerous moving machinery. (AR 1411-12). ALJ Farris additionally found that Ms. Perrault can: make simple work-

6

related decisions with few workplace changes; have no interaction with the general public; and have only occasional and superficial interaction with co-workers. (AR 1412).

In formulating Ms. Perrault's RFC, ALJ Farris stated that she considered Ms. Perrault's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 16-3p. *Id.* ALJ Farris also stated that she considered opinion evidence in accordance with 20 C.F.R. § 404.1527. *Id.* ALJ Farris found that Ms. Perrault's statements concerning the intensity, persistence and limiting effects of her symptoms are not fully supported by the evidence in the record. (AR 1413). Specifically, ALJ Farris noted that Ms. Perrault's clinical examination findings "were relatively benign overall," there is no indication that she required surgical evaluation, her pain medication was at least partially effective, and she had limited compliance with psychiatry follow-up. (AR 1413-1417).

In considering the medical opinion evidence, ALJ Farris gave limited weight to the opinions of State agency medical consultants Randal Reid, M.D., and Scott Spoor, M.D., because ALJ Farris reasoned that additional exertional, postural, and safety limitations were supported by the evidence in the record. (AR 1417-18). ALJ Farris then gave some weight to the opinion of treating physician Melissa N. Begay, M.D., that Ms. Perrault should never drive, operate heavy equipment, or perform activities requiring alertness. (AR 1418). ALJ Farris reasoned that Ms. Perrault presented as alert and oriented and she "did eventually agree to treatment." *Id.*

ALJ Farris next considered the opinion of treating physician Dr. Garcia regarding Ms. Perrault's limitations in sitting, standing, walking, reaching, and using her hands and

7

feet. (AR 1419). ALJ Farris stated she gave this opinion little weight because it is not supported by x-rays and treatment records relating to Ms. Perrault's back and neck pain. *Id.* ALJ Farris also considered the opinion of consultative examiner Dr. Vigil, who found Ms. Perrault is not capable of sedentary work and has moderate to marked mental limitations. (AR 1419-20). The ALJ gave his opinion little weight because it is not consistent with treatment records and Dr. Vigil's own observations, and Ms. Perrault reported she was improving with medications. (AR 1420).

In addition, ALJ Farris gave partial weight to the opinions of State agency psychological consultants Leela Reddy, M.D., and Henry Hanna, Ph.D., reasoning that their limitations to simple instructions and decision making are not supported by the record. (AR 1418). Finally, ALJ Farris gave some weight to the opinion of consultative psychological examiner Randall Rattan, Ph.D., because the record supports a finding that Ms. Perrault is not as limited as he opined. (AR 1419).

ALJ Farris next found that Ms. Perrault has been unable to perform any of her past relevant work since May 26, 2014, so the ALJ proceeded to step five. (AR 1421). At step five, ALJ Farris noted that on November 15, 2017, Ms. Perrault's age category changed from a younger individual to an individual closely approaching advanced age in accordance with the Regulations. *Id.* ALJ Farris also determined that Ms. Perrault has at least a high school education and is able to communicate in English. *Id.* ALJ Farris noted that the VE testified at the hearing that an individual with Ms. Perrault's same age, education, work experience, and RFC could perform the jobs of final assembler, document preparer, and envelope stuffer. (AR 1422). However, when Ms. Perrault's age category changed on November 15, 2017, considering Ms. Perrault's age, education,

8

work experience, and RFC, ALJ Farris found there are no jobs she could perform that exist in significant numbers in the national economy. (AR 1423). After finding the VE's testimony consistent with the Dictionary of Occupational Titles, the ALJ adopted the VE's testimony and concluded that Ms. Perrault was not disabled prior to November 15, 2017, but she became disabled on that date. *Id.*

## IV. Analysis

In her Motion, Ms. Perrault challenges ALJ Farris' finding that she was not disabled prior to November 15, 2017. Specifically, Ms. Perrault argues that ALJ Farris failed to properly consider Dr. Garcia's and Dr. Vigil's opinions, and that she failed to include a function-by-function assessment of Ms. Perrault's work-related abilities. (Doc. 17 at 14-26). The Commissioner responds that ALJ Farris properly considered Dr. Garcia's and Dr. Vigil's opinions, and that ALJ Farris included a sufficient function-by-function assessment of Ms. Perrault's RFC in accordance with SSR 96-8p. (Doc. 19 at 10-20). In her Reply, Ms. Perrault maintains that ALJ Farris erred in her consideration of Dr. Garcia's opinions and by failing to include a function-by-function assessment, but she concedes her claim that ALJ Farris did not adequately consider Dr. Vigil's opinions. (Doc. 22 at 1-9).

ALJs must evaluate and weigh every medical opinion in the record. 20 C.F.R. § 404.1527(b)-(c); *see also* SSR 06-03p, 2006 WL 2329939. Every medical source opinion should be weighed by the ALJ in consideration of the following applicable "deference factors":

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by

9

relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citation omitted); *see also* 20 C.F.R. § 404.1527(c). Ultimately, the ALJ must give good reasons that are "sufficiently specific to [be] clear to any subsequent reviewers" for the weight that she ultimately assigns the opinions. *Langley*, 373 F.3d at 1119 (citation omitted). Failure to do so constitutes legal error. *See Kerwin v. Astrue*, 244 Fed. Appx. 880, 884 (10th Cir. 2007) (unpublished).

In addition, "treating sources" are generally entitled to more weight than other sources, given their treatment relationship with the claimant. 20 C.F.R. § 404.1527(d)(2). Accordingly, ALJs must follow a particular, two-step process when evaluating and weighing opinions from treating sources. 20 C.F.R. § 404.1527(b); *see Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). First, the ALJ must decide whether the treating source's opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "are not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the treating source's opinions satisfy both criteria, they are entitled to controlling weight. *Id.*

If a treating source's opinions are not entitled to controlling weight, they are still entitled to deference. SSR 96-2p, 1996 WL 374188, at *4. In deciding how much weight to give a treating source's opinion, the ALJ must consider the factors set forth in 20 C.F.R. § 404.1527(c)(1-6). The ALJ must "make clear how much weight the [treating source's] opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified . . . for the weight assigned." *Krauser*, 638

F.3d at 1324 (citing *Watkins*, 350 F.3d at 1330); SSR 96-2p, 1996 WL 374188, at *5 (an ALJ must "give good reasons" that are "sufficiently specific to make clear to any subsequent reviewers the weight" she gave to the opinion "and the reasons for that weight"); *but see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (an ALJ is not required to "apply expressly each of the six relevant factors in deciding what weight to give a medical opinion."). Moreover, in rejecting a treating source's opinion, the ALJ "may not make speculative inferences from medical reports" and may not reject the opinion based on her own credibility judgments, speculation, or lay opinion. *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). Rather, an ALJ may only reject a treating source's opinion based on outright contradictory medical evidence. *Id.*

An ALJ's reasoning is not sufficiently specific if she merely states an opinion is unsupported by or inconsistent with the medical evidence without further explanation. *Langley*, 373 F.3d at 1122-23; *see also Cagle v. Astrue*, 266 Fed. Appx. 788, 792-793 (10th Cir. 2008) (unpublished). In addition, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (citations omitted). Instead, an ALJ "must . . . explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7. Further, the Commissioner may not rationalize the ALJ's decision post hoc, and "[j]udicial review is limited to the reasons stated in the ALJ's decision." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (citation omitted).

*A. Dr. Garcia's Opinions*

Ms. Perrault first claims that ALJ Farris improperly weighed and considered the opinions of Ms. Perrault's treating physician, Dr. Garcia. (Doc. 17 at 14-18). Ms. Perrault contends that ALJ Farris' reasons for rejecting Dr. Garcia's opinions are invalid and not supported by the record. *Id.* at 17-18. In response, the Commissioner argues that ALJ Farris reasonably rejected Dr. Garcia's opinions and that evidence in the record supports this decision. (Doc. 19 at 11-15).

As Ms. Perrault's primary care provider, Dr. Garcia oversaw a team of attending physicians, psychologists, and therapists treating Ms. Perrault at the Veterans Administration Medical Center for fibromyalgia, hypothyroidism, PTSD, depression, and anxiety. (Doc. 17 at 8) (citing AR 1749-50, 1769, 1776, 1786-89, 1832, 1931, 1974, 1980, 1998, 2026-29, 2044, 2126). Dr. Garcia assessed and treated Ms. Perrault for hypothyroidism, impaired glucose tolerance, migraine headaches, obesity, obstructive sleep apnea, irritable bowel syndrome, chronic pain, fibromyalgia, and colon polyps. *Id.* (citing AR at 2045-52, 2111-15). On October 18, 2017, Dr. Garcia completed a Medical Assessment to do Work-Related Activities (Physical), in which he found Ms. Perrault could: occasionally lift and/or carry up to 20 pounds; stand and walk for no more than 10 minutes in an 8-hour workday; sit for no more than 15 minutes in an 8-hour workday; never reach overhead or in any other direction with her left arm; occasionally reach in directions other than overhead with her right arm; occasionally handle and finger with the left hand; occasionally climb ramps and stairs, balance, and stoop; and never kneel or crouch. (AR 2621-22).

In making her RFC determination, ALJ Farris stated she gave "little weight" to Dr. Garcia's opinions because they are not supported by evidence in the record. (AR 1419). Specifically, ALJ Farris stated the x-rays Dr. Garcia relied on show only mild issues with Ms. Perrault's spine and joints, Ms. Perrault only received conservative treatment and no surgical evaluation for her low back and neck pain, and the record generally shows intact neurological findings and many normal musculoskeletal findings. *Id.* ALJ Farris further stated that Dr. Garcia's opinions are not consistent with Ms. Perrault's ability to sit for more than 15 minutes at the hearing and in school and her ability to stand and walk more than 10 minutes at school. *Id.*

ALJ Farris' RFC determination does not reflect Dr. Garcia's findings that Ms. Perrault is only able to stand and walk for 10 minutes and sit for 15 minutes in an 8-hour workday, and that she is limited in her abilities to reach with both arms and handle and finger with the left hand. *Compare* (AR 2621-22) *with* (AR 1411-12). Therefore, ALJ Farris was required to adequately explain why she did not include these limitations in her RFC determination. *See* SSR 96-8p, 1996 WL 274184, at *7 (explaining that if an ALJ's RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted); *Krauser*, 638 F.3d at 1324 (ALJs must "make clear how much weight the [treating source's] opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified . . . for the weight assigned.").

ALJ Farris' first reason for rejecting Dr. Garcia's opinions is that they are not supported by evidence in the record, such as x-rays showing only mild issues with Ms. Perrault's spine and joints and that Ms. Perrault only received conservative treatment

13

and no surgical evaluation. (AR 1419). However, ALJ Farris did not discuss the medical evidence in the record supporting Dr. Garcia's findings, such as evidence documenting degenerative changes to Ms. Perrault's cervical spine, lumbar spine, and joints, and that she was treated for numerous physical impairments including chronic pain and fibromyalgia. *See* (AR 303, 308-09, 1761, 2045-52, 2111-15). She also did not discuss how Dr. Vigil's findings regarding Ms. Perrault's limitations in sitting, walking, standing, reaching, and using her left hand, are similar to Dr. Garcia's findings. *See* (AR 2605-06). This is legal error because, "in addition to discussing the evidence supporting [her] decision, the ALJ must discuss the uncontroverted evidence [she] chooses not to rely upon, as well as significantly probative evidence [she] rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996); *see also Haga*, 482 F.3d at 1208 ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion taking only the parts that are favorable to a finding of nondisability").

ALJ Farris also states she rejected portions of Dr. Garcia's opinions because evidence in the record "generally showed intact neurological findings and many normal musculoskeletal findings other than fibromyalgia tender points." (AR 1419). ALJ Farris, however, does not cite to this evidence, which leaves the Court unable to meaningfully review ALJ Farris' findings. *See Clifton*, 79 F.3d at 1009 (holding that "the absence of findings supported by specific weighing of the evidence" in the record leaves the Court unable to assess whether relevant evidence adequately supports the ALJ's conclusion). While the Commissioner argues that Dr. Garcia's own examination findings support ALJ Farris' decision, (Doc. 19 at 12-13), this is a *post hoc* rationalization by the Commissioner because ALJ Farris did not state that she discounted Dr. Garcia's

opinions based on his treatment notes. *See Robinson v. Barnhart*, 355 F.3d 1078, 1084 (10th Cir. 2004) (explaining that an ALJ's decision must be evaluated "based solely on the reasons stated in the decision").

Additionally, with regard to Ms. Perrault's ability to reach, the Court notes that the Tenth Circuit has stressed the importance of considering this limitation in conjunction with a sedentary RFC determination. In *Saiz v. Barnhart*, 392 F.3d 397, 400 (10th Cir. 2004), the Tenth Circuit explained that the ALJ's failure to address the claimant's ability to reach when making a sedentary RFC determination "is not a technical or formalistic point" because "[a] sedentary RFC already represents a significantly restricted range of work." The Tenth Circuit further noted that the Commissioner's guidelines exclude the use of the grids if there is "more than a slight impact on the individual's ability to perform the full range of sedentary work," and "a finding of 'disabled' usually applies when the full range of sedentary work is significantly eroded." *Id.* (quoting SSR 96-9p,1996 WL 374185, at *3, *5). Because reaching is "required in almost all jobs," a limitation in this ability "may eliminate a large number of occupations a person could otherwise do." *Id.* (quoting SSR 85-15, 1985 WL 56857, at *7). Here, all three representative occupations the VE found Ms. Perrault capable of performing require the ability to reach frequently. *See* DOT 713.687-018, 1991 WL 679271; DOT 249.587-018, 1991 WL 672349; and DOT 209.587-010, 1991 WL 671797.

Next, ALJ Farris states she rejected Dr. Garcia's opinions because they were not consistent with ALJ Farris' own observation at the administrative hearing that Ms. Perrault could sit for more than 15 minutes. (AR 1419). Both Ms. Perrault and the Commissioner agree that Ms. Perrault did not sit for more than 20-25 minutes at a time

15

at the hearing. *See* (Doc. 17 at 17-18) and (Doc. 19 at 14). This is not significantly longer than the 15 minutes assessed by Dr. Garcia and is far less than the ability to sit for up to an hour that ALJ Farris included in her RFC determination. (AR 1411). Therefore, it appears that ALJ Farris' rejection of Dr. Garcia's assessment that Ms. Perrault could not sit for longer than 15 minutes at a time is based on her speculation or lay interpretation. *See McGoffin*, 288 F.3d at 1252 (explaining that ALJs may not reject medical opinions based on their own speculation or lay opinion and may only reject a treating source's opinion based on outright contradictory medical evidence); *Winfrey*, 92 F.3d at 1021 (finding that the ALJ erred by substituting his assessments for those of the medical professionals). This is especially important because the VE testified at the hearing that adding the limitation of sitting for no longer than 30 minutes to Ms. Perrault's RFC would result in a finding that Ms. Perrault could not perform any jobs in the national economy. (AR 1450).

Finally, ALJ Farris states that Dr. Garcia's opinions were inconsistent with evidence that at school Ms. Perrault could sit for longer than 15 minutes and could stand and walk for more than 10 minutes. (AR 1419). Again, however, ALJ Farris does not cite to any evidence in the record for this statement, which leaves the Court unable to meaningfully review ALJ Farris' findings. *See Clifton*, 79 F.3d at 1009. ALJ Farris also failed to discuss evidence that supported Dr. Garcia's findings, such as Ms. Perrault's testimony that she cannot sit or stand for more than 20 minutes at a time, (AR 51-52), and Dr. Vigil's opinion that she can sit, stand, and walk for less than 30 minutes each in an 8-hour day, (AR 2605-06).

Based on the foregoing, the Court finds that ALJ Farris committed legal error by failing to explain why she rejected evidence that supported Dr. Garcia's opinions and by failing to provide legally sufficient reasons for her decision. Therefore, the Court finds that ALJ Farris erred in her consideration of Dr. Garcia's findings regarding Ms. Perrault's abilities to sit, stand, walk, reach, and use her left hand, which requires remand.

### V.     Conclusion

For the reasons stated above, the Court finds that ALJ Farris failed to properly consider Dr. Garcia's opinions. Ms. Perrault conceded her claim regarding Dr. Vigil, and the Court will not address her claim regarding a function-by-function assessment of her work-related abilities because that claim may become moot upon remand.

**IT IS THEREFORE ORDERED** that Ms. Perrault's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum*, (Doc. 17), is **GRANTED IN PART**, and this case is **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE